IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BENNY SARMIENTO | § | |
| | § | |
| V. | § | C.A. NO. C-05-008 |
| | § | |
| ROBERT ARMOUR, ET AL. | § | |

**<u>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL</u>**

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's second motion for appointment of counsel is pending. (D.E. 27).

On May 25, 2005, plaintiff filed a motion for appointment of counsel. (D.E. 16). That motion was denied without prejudice. (D.E. 17). In the first motion for appointment of counsel, plaintiff argued that he did not have adequate access to the law library and was undergoing medical treatment for cancer. (D.E. 16). The pending motion renews these same arguments. (D.E. 27).

No constitutional right to appointment of counsel exists in civil rights cases. <u>Wendell v. Asher</u>, 162 F.3d 887, 892 (5th Cir. 1998); <u>Akasike v. Fitzpatrick</u>, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. <u>Cupit v. Jones</u>, 835 F.2d 82, 86 (5th Cir. 1987) (quoting <u>Jackson v. Dallas Police Dep't</u>, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case." <u>Jackson</u>, 811 F.2d at 262 (citing <u>Ulmer v. Chancellor</u>, 691 F.2d

209, 213 (5th Cir. 1982)); accord Norton v. Dimanza, 122 F.3d 286, 293 (5th Cir. 1997).

Upon careful consideration of the factors set forth in Jackson, the Court still finds that appointment of counsel is not warranted at this time. Regarding the first factor, plaintiff's Eighth Amendment claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time. Accordingly, plaintiff's motion for appointment of counsel, (D.E. 27), is DENIED without prejudice subject to renewal should counsel be warranted at a later date.

ORDERED this 25th day of August 2005.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE