IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BENNY SARMIENTO | § | |
|     TDCJ-CID #437828 | § | |
| V. | § | C.A. NO. C-05-008 |
| | § | |
| ROBERT ARMOUR, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In this civil rights action, plaintiff claims that Lieutenant Evelyn Castro and Officer Robert Armour violated his Eighth Amendment right to be free from cruel and unusual punishment when they used excessive force against him. (D.E. 1). Defendants move for summary judgment to dismiss plaintiff's claims.[1] (D.E. 33). Plaintiff has filed a response in opposition. (D.E. 39). For the reasons stated herein, it is respectfully recommended that the Court grant defendants' motion for summary judgment as to Lieutenant Castro, and that plaintiff's claims against her be dismissed with prejudice. It is respectfully recommended that the Court deny defendants' motion for summary judgment as to Officer Armour.

**I. JURISDICTION**

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

---

[1] Lieutenant Castro (now a Captain), also filed a motion to dismiss, (D.E. 24), arguing that plaintiff failed to allege any personal involvement by her such that he failed to state a § 1983 claim against her. Lieutenant Castro's arguments for dismissal are addressed in this memorandum and recommendation.

## II.  BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division, and at all times relevant to this litigation, was incarcerated at the McConnell Unit in Beeville, Texas.   In his original complaint, (D.E. 1), and at the October 13, 2005 Spears[2] hearing, plaintiff testified that Officer Armour used excessive force against him on June 10, 2004, when he was escorting plaintiff back from the showers.  He further alleged that Lieutenant Castro attempted to cover-up the use of force.

In support of their motion for summary judgment, defendants offer the following summary judgment evidence:

Ex. A: Use of force injury report for June 10, 2004;

Ex. B: Incident report for June 10, 2004;

Ex. C: Plaintiff's medical records from June 2004 through October 2004; and

Ex. D: Affidavit of Evelyn Castro.[3]

The following facts are not in dispute:

Prior to June 10, 2004, plaintiff had an infection in the bed of his left ear. DSJ Ex. C at 1-3.

---

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

[3] "DSJ" refers to defendants' motion for summary judgment.  (D.E. 33).  "POC" refers to plaintiff's original complaint.  (D.E. 1).

On July 10, 2004, plaintiff was an inmate in administrative segregation assigned to A-Section, 2 cell, at the McConnell Unit. POC, Attach. at 1. At approximately 2:40 p.m., Officer Armour and another roving officer, Crystal Allison, escorted plaintiff to B-section to take a shower. Id. Plaintiff exited the shower unrestrained. POC, Attach. at 1-2; DSJ Ex. B at 2. A dispute arose, and Officer Armour ordered plaintiff into his cell. POC, Attach. at 2; DSJ Ex. B at 2. Plaintiff requested to speak to a supervisor. POC, Attach. at 2; DSJ Ex. B at 2. Officer Armour administered a shot of chemical spray to plaintiff's face and ear. POC, Attach. at 3; DSJ Ex. B at 2. Officer Armour then forced him into his cell. POC, Attach. at 3; DSJ Ex. B at 2. Plaintiff was strip searched, then placed in restraints and escorted to the infirmary. DSJ Ex. B at 2.

Plaintiff was seen in the infirmary by N. Vaughn, L.V.N. DSJ Ex. A at 1. Nurse Vaughn noted injuries to plaintiff's head and ear, but classified them as "minor." Id. Nurse Vaughn described plaintiff's injuries as a superficial, half-centimeter laceration over the left eyebrow, and a superficial, half-centimeter laceration to the inside bed of his left ear. Id. at 2. She instructed plaintiff to wash his injuries with soap and water while in the shower. Id. at 1.

On June 11, 2004, plaintiff submitted a sick call request, complaining of a burning sensation in his ear and eyes, as well as a headache. DSJ Ex. C at 5, 6. He was seen in the infirmary on July 20, 2004. The diagnosis was mild conjunctivitis in

both eyes, with no drainage, and a lesion to the left ear.  DSJ Ex. C at 7.  Plaintiff

was prescribed Visine and ophthalmic eye drops for his eyes.  Id.  It was noted that

Bactrim had previously been prescribed for plaintiff's dermatitis in his ear, but that it

had not worked, and he was scheduled for a possible shave biopsy on July 21, 2004.

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material

fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P.

56(c).  An issue is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986).  The Court must examine "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided

that one party must prevail as a matter of law."  Id. at 251-52.  In making this

determination, the Court must consider the record as a whole by reviewing all

pleadings, depositions, affidavits and admissions on file, and drawing all justifiable

inferences in favor of the party opposing the motions.  Caboni v. Gen. Motors

Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The Court may not weigh the evidence or evaluate the credibility of witnesses.

See id.  Furthermore, "affidavits shall be made on personal knowledge, shall set

forth such facts as would be admissible in evidence, and shall show affirmatively

that the affiant is competent to testify on the matters stated therein."  FED. R. CIV. P.

56(e); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions).  Unverified documents do not constitute proper summary judgment evidence.  King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.  FED. R. CIV. P. 56(e); Anderson, 477 U.S. at 248-49.  Furthermore, "[a]fter the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted."  Caboni, 278 F.3d at 451 (citations omitted).  However, "[i]f reasonable minds could differ as to the import of the evidence . . . a verdict should not be directed."  Anderson, 477 U.S. at 250-51 (citations omitted).

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact.  "[T]he substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id. at 248.

## IV.  DISCUSSION

### A.    Excessive force.

Plaintiff claims that Officer Armour used excessive force when he sprayed plaintiff with the pepper spray, and forced him into the cell.  He claims that he suffered injuries to his eye, ear and knee.  POC, Attach. at 3.  Defendants move for summary judgment, arguing that plaintiff's injuries were minor and therefore, *de minimis*, such that plaintiff's allegations fail to state a claim.

The Eighth Amendment prohibits cruel and unusual punishment.  Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates.  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations omitted).  Conditions that result in "unquestioned and serious deprivation of basic human needs," or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-10 (1992).

Such a violation occurs when a prison official is deliberately indifferent to an inmate's health or safety.  <u>Farmer</u>, 511 U.S. at 834.  Deliberate indifference is more than mere negligence.  <u>Id.</u> at 835.  To act with deliberate indifference, a prison official must both know of <u>and</u> disregard an excessive risk to inmate health or safety.  In other words, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, <u>and</u> he must also draw the inference.  <u>Id.</u> at 837.

The Second Circuit has noted that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2d Cir. 1973).  "To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm,' and that he suffered an injury."  <u>Eason</u>, 73 F.3d at 601-02 (quoting <u>Hudson</u>, 503 U.S. at 7).  The factors to consider in evaluating an excessive force claim include: "1. the extent of the injury suffered; 2. the need for the application of force; 3. the relationship between the need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response."  <u>Gomez v. Chandler</u>, 163 F.3d 921, 923 (5th Cir. 1999).

The Fifth Circuit has emphasized that "*some* physical injury is an indispensable element of an Eighth Amendment excessive force claim." Id. (emphasis in original).  To support an excessive force claim, "a prisoner must have suffered from the excessive force a more than *de minimis* physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor." Id. at 924.  A *de minimis* use of force is not constitutionally recognizable as long as it is not "repugnant to the conscience of mankind." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (quoting Hudson, 503 U.S. at 10). Verbal abuse does not constitute a cause of action under § 1983. Id. (citing Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993)).  In Siglar, the Fifth Circuit found *de minimis* plaintiff's injuries consisting of a sore, bruised ear that lasted three days. Id. at 192; see also Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997) (holding that "[a] physical injury is ... [a] condition requiring treatment by a medical care professional").

Following the use of force, plaintiff had two superficial lacerations, and he was instructed to wash them with soap and water.  DSJ Ex. A at 1.  There was no bleeding, nor did the lacerations require medical treatment.  Id.  However, two weeks after the incident, he continued to complain of irritated eyes and headaches. DSJ Ex. C at 5, 6.  His medical records note that pepper spray had been used ten days prior, and he was prescribed medication.  DSJ Ex. C at 7.

Officer Armour has offered no summary judgment evidence to demonstrate that the use of force was necessary to restore order or maintain discipline.  Indeed, there is no affidavit from Officer Armour.  Moreover, Lieutenant Castrol's affidavit does not address the allegations against Officer Armour, including whether the use of force was necessary.  See DSJ Ex. D.

It is respectfully recommended that the summary judgment evidence raises genuine questions of fact regarding whether the injuries suffered by plaintiff were *de minimis*, and genuine questions regarding whether the use of force was used to restore or maintain discipline or maliciously to cause harm.  Thus, it is respectfully recommended that Officer Armour is not entitled to summary judgment on plaintiff's claim of excessive force, and that defendants' motion for summary judgment be denied as to Officer Armour.

**B.     Claims against Lieutenant Castro.**

Plaintiff claims that Lieutenant Castro instructed other officers to lie about Officer Armour's use of force, making her "a willing participant in [the] malicious use of force."  POC, Attach. at 5.  At the Spears hearing, plaintiff testified that Lieutenant Castro was liable because she was the supervisor in charge when the use of force was employed.

To state a cause of action under § 1983, a plaintiff must identify defendants who were either personally involved in the constitutional violation, or whose acts

are causally connected to the constitutional violation alleged.  Woods v. Edwards, 51

F.3d 577, 583 (5th Cir. 1995) (per curiam); Thompson v. Steele, 709 F.2d 381, 382

(5th Cir. 1983).  In addition, a supervisory official may not be held liable under §

1983 based on a theory of *respondeat superior* or vicarious liability.  Reimer v.

Smith, 663 F.2d 1316, 1323 (5th Cir. 1981) (citation omitted).  A supervisory

defendant must be either personally involved in the incidents underlying the claim

"or there must be a causal connection between an act of the [supervisor] and the

constitutional violation sought to be redressed."  Harvey v. Andrist, 754 F.2d 569,

572 (5th Cir. 1985) (citations omitted); see also Hinshaw v. Doffer, 785 F.2d 1260,

1263 (5th Cir. 1986) (usually a failure to supervise imposes § 1983 liability only

where there is a history of widespread deprivations).

     In her affidavit, Lieutenant Castro testified that she arrived at plaintiff's cell

after the use of force had been employed and plaintiff secured in his cell.  DSJ Ex.

D.  Plaintiff offers no facts to refute Lieutenant Castro's testimony, and in fact, in his

own "incident statement" offered in his summary judgment response, (D.E. 39),

plaintiff admits that Lieutenant Castro was not personally involved in the force, but

arrived at his cell after it was over.  It is respectfully recommended that the Court

find that the uncontested evidence establishes that Lieutenant Castro was not

personally involved in the alleged deprivation of plaintiff's constitutional rights, and

as such, plaintiff fails to state a § 1983 claim against her.  Thompson, 709 F.2d at

382.  To the extent he seeks to hold her liable in her capacity as a supervisor, it is respectfully recommended that the Court find plaintiff fails to state a recognizable claim.  <u>Reimer</u>, 663 F.2d at 1323.  Moreover, to the extent plaintiff claims that Lieutenant Castro instructed other officers to lie about Officer Armour's use of force, it is respectfully recommended that the Court find such allegations are unsupported by any of the facts, and therefore find that the plaintiff failed to state a constitutional violation.  <u>See</u> <u>Koch v. Puckett</u>, 907 F.2d 524, 530 (5th Cir. 1990). Therefore, it is respectfully recommended that Lieutenant Castro be granted summary judgment in her favor, and that she be dismissed from this lawsuit.

## V.  **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that defendants'
motion for summary judgment, (D.E. 33), be granted as to Lieutenant Evelyn Castro,
and plaintiff's claims against her dismissed with prejudice.[4]  It is respectfully
recommended that the Court deny the defendants' summary judgment motion as to
Officer Robert Armour.

Respectfully submitted this 10th day of November 2005.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

_____

[4] Should the Court adopt this recommendation, it is respectfully recommended that Lieutenant
Castro's motion to dismiss, (D.E. 24), be terminated as moot.

12

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

13