IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

BENNY SARMIENTO           §
    TDCJ-CID #437828       §
V.                        §           C.A. NO. C-05-008
                          §
ROBERT ARMOUR, ET AL.     §

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND

Pending is plaintiff's motion for leave to amend his original complaint.  (D.E. 50).  For the reasons stated herein, plaintiff's motion is denied.

## I.  Procedural History And Motion To Amend

Plaintiff, a Texas state prisoner proceeding *pro se* and *in forma pauperis*, filed this § 1983 action on January 6, 2005, alleging that defendants Evelyn Castro and Robert Armour violated his Eight Amendment right to be free from cruel and unusual punishment when they used excessive force against him on July 10, 2004.  (D.E. 1).  By order entered November 28, 2005, defendant Castro was dismissed from this action.  (D.E. 46).

On November 9, 2005, plaintiff filed the instant motion for leave to file an amended complaint.  (D.E. 50).  In his motion, plaintiff seeks to add four new defendants: Assistant Warden Alfonso Castillo; Officer Crystal Allison; Officer Aimee Garcia; and N. Vaughan, a McConnell Unit nurse.  Id.  Plaintiff claims that Warden Castillo violated his constitutional rights because, on review, Warden Castillo found the July 10, 2004 use of force to be justified.  Plaintiff claims that Officer Allison falsified records regarding the use of force, and that Officer Garcia "fabricat[ed] her version of the incident in favor of defendant Armour.  He claims that Nurse Vaughan provided inadequate medical attention following the use of force.

## II.  Discussion

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted); Nilsen v. City of Moss Point, Miss., 621 F.2d 117, 122 (5th Cir. 1980). In exercising its discretion in considering a motion to amend a complaint, a court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by virtue of allowing the amendment. Daves v. Payless Cashways, Inc., 661 F.2d 1022, 1024 (5th Cir. 1981) (citations omitted).

Plaintiff claims that Warden Castillo reviewed the use of force employed by defendant Armour and "wrongfully concluded" that the use of force was justified. He maintains that Warden Castillo's allegedly erroneous "fact findings" encourage officers to disregard TDCJ use of force procedures, in violation of plaintiff's right to be free from cruel and unusual punishment.

To the extent that plaintiff disagrees with Warden Castillo's disciplinary findings, he fails to state a constitutional violation. Plaintiff has no constitutional right to have a warden find a subordinate guilty on a disciplinary charge. See Sandin v. Connor, 515 U.S. 472, 481 (1995) (due process protections do not apply to the ordinary incidents of prison life, but only to those punishments that constitute a significant or atypical hardship).

Moreover, plaintiff fails to allege that Warden Castillo had any personal involvement in the use of force or in a violation of plaintiff's constitutional rights. Section 1983 does not create supervisory or *respondeat superior* liability. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. Id. at 742 n.6 (citing Alton v. Tex. A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999)). Supervisory officials may be held liable only if they affirmatively

2

participate in acts that cause the constitutional deprivation, or they implement unconstitutional policies that causally result in plaintiff's injury.  See id. at 742; Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1997).  The mere fact that Warden Castillo did not find defendant Armour guilty of excessive force does not state a constitutional violation.

A district court may deny a motion to amend if it concludes that the proposed amendment would be futile.  Stripling v. Jordan Prod. Co., 234 F.3d 863, 872-73 (5th Cir. 2000).  The Fifth Circuit has defined "futility" to mean that "the amended complaint would fail to state a claim upon which relief could be granted."  Id. at 873.  As to Warden Castillo, plaintiff's proposed amended complaint fails to allege any personal involvement or state a constitutional violation.  As such, the proposed amendment would be futile, and plaintiff's motion for leave to amend to name Warden Castillo as a defendant is DENIED.

Similarly, plaintiff's allegations against Officer Allison and Officer Garcia fail to raise a constitutional issue.  Plaintiff has no constitutional right requiring officers to provide favorable, or even truthful, testimony, concerning an incident.  See Sandin, 515 U.S. at 481; cf. Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990) (prisoner had no constitutional right to have guard criminally prosecuted).  Thus, even if Officer Allison filed a false report about the incident and Officer Garcia testified in defendant Armour's favor, or even lied, such allegations do not state a constitutional claim.  As such, it would be futile to allow plaintiff to amend his complaint to raise these claims.  Stripling, 234 F.3d at 873.  Accordingly, plaintiff's motion to amend complaint to add Officer Allison and Officer Garcia as defendants is DENIED.

Finally, plaintiff alleges that Nurse Vaughan was deliberately indifferent to his serious medical needs following the use of force.  He claims that he had visible lacerations to his eye and ear following the use of force, and that Nurse Vaughan was aware also that chemical agents had

3

been used against him, but that she failed to treat his wounds.  Taken as true, plaintiff's allegations

state a claim of deliberate indifference to serious medical needs.  See Estelle v. Gamble, 429 U.S.

97 (1976) (holding that prisoners must be provided with adequate medical care).  However,

plaintiff's medical needs claim against Nurse Vaughan stands independent of his excessive force

claims against defendant Armour.  To allow plaintiff to amend his complaint to add Nurse Vaughan

would cause unnecessary delay in this case.  Moreover, the fact that plaintiff waited over eleven

months to now bring this claim suggests that plaintiff is attempting to avoid a second filing fee.

Plaintiff is under no prejudice in pursuing his medical needs claim against Nurse Vaughan in a

separate lawsuit, and defendant would be prejudiced if Nurse Vaughan was joined at this time.

Accordingly, plaintiff's motion for leave to amend his complaint to add Nurse Vaughan is

DENIED.

### III.  Conclusion

For these reasons, plaintiff's motion for leave to amend complaint, (D.E. 50), is in all

things DENIED.

ORDERED this 11th day of January, 2006.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE