IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BENNY SARMIENTO | § | |
| | § | |
| V. | § | C.A. NO. C-05-008 |
| | § | |
| ROBERT ARMOUR, ET AL. | § | |

## **ORDER**

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's second request for production of documents. (D.E. 58). This request is construed as a motion to compel production. Defendant filed a response. (D.E. 61).

Plaintiff seeks a conference of the parties pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. That rule, however, does not apply to certain proceedings. Fed. R. Civ. P. 26(f). One of the exempted categories is for "an action brought without counsel by a person in custody of the United States, a state, or a state subdivision." Fed. R. Civ. P. 26(a)(1)(E)(iii). Plaintiff is in state custody. Therefore, his motion to compel a Rule 26(f) conference is denied.

Plaintiff seeks defendant's complete prison employment records. Defendant argues that this request is overly broad and that producing it would be burdensome. Plaintiff's request is too broad and vague. Therefore, his motion to compel the production of documents regarding defendant's complete prison employment records is denied.

Plaintiff seeks the maintenance work sheets for July 10, 2004 for the B-section shower located in the A-pod. This action involves alleged excessive force by defendant in plaintiff's cell. Plaintiff has not demonstrated that information regarding the shower is relevant. Therefore, his motion to compel the production of documents regarding this shower is denied.

Plaintiff seeks institutional procedures regarding escorting prisoners to and from the shower and recreation areas in administrative segregation. He also seeks the procedures for the use of mechanical restraints. Finally, he seeks the Segregation Procedures Notebook and Unit Posted Orders and Special orders. Defendant argues that such documents are already available to plaintiff and thus defendant has no duty to produce them. See Fed. R. Civ. P. 26(b)(2)(i). In support of this argument, defendant merely asserts that "[a]ll TDCJ policies and procedures are readily available in the unit law library." (D.E. 61, at 4, 7). This conclusory assertion is insufficient. Consequently, defendant is ordered to produce these documents to plaintiff within fifteen days of the entry of this order.

Plaintiff requests records of the disciplinary hearing that resulted from the incident on July 10, 2004. Indeed, he was charged with refusing or failing to obey orders. (D.E. 39, Ex. R) (Offense Report dated July 10, 2004). Specifically, the offense report stated that plaintiff "was ordered by officer Armour CO4 to go into his cell and said offender failed to obey the order." Id. Defendant objects to this request arguing plaintiff "has failed to describe his request with reasonable particularity." (D.E. 61, at 4) (citing Fed. R. Civ. P. 34(b)). It is apparent to the Court that the disciplinary records are those related to the offense report dated July 10, 2004. Consequently, defendant is ordered to produce these documents to plaintiff within fifteen days of the entry of this order.

Plaintiff requests that defendant produce records regarding any use of force incidents by defendant since he has been employed by TDCJ. Defendant objects arguing that "[p]laintiff has requested records from an indefinite time period, and has failed to indicate which individuals these records allegedly concern." (D.E. 61, at 5). Plaintiff relates these to defendant's employment,

which defines the time period.  Moreover, there is only one defendant remaining in this action.  While it may be somewhat poorly worded, it is apparent that plaintiff seeks records regarding defendant's use of force while he has been employed at TDCJ.  Such records would include, but are not limited to, inmate grievances and incident investigation reports.  Moreover, these records may also include documents regarding any lawsuits against defendant for use of force provided that such documents are not privileged.  Consequently, defendant is ordered to produce these documents to plaintiff within fifteen days of the entry of this order.

Plaintiff requests defendant's pre-employment criminal records.  He has not, however, established why these are relevant.  Therefore, his motion to compel the production of documents regarding defendant's pre-employment criminal records is denied.

Plaintiff requests "[t]he recreation and shower roster for all inmates on 1-row A-pod" during the time of the July 10, 2004 incident.  (D.E. 58).  He has not, however, established why these are relevant.  Therefore, his motion to compel the production of documents regarding these rosters is denied.

Accordingly, plaintiff's motion to compel production of documents, (D.E. 58) is granted in part and denied in part.

ORDERED this 3rd day of March 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE