IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BENNY SARMIENTO<br>    TDCJ No. 437828 | §<br>§<br>§ | |
| v. | § | C.A. NO. C-05-008 |
| ROBERT ARMOUR, ET AL. | §<br>§<br>§ | |

## PLAINTIFF'S MOTIONS IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, BENNY SARMIENTO, Plaintiff, prior to the beginning of the voir dire examination of the jury panel, and files these Motions on Limine, and in support thereof, would respectfully show the Court as follows:

I.

Defendant should be precluded from using any pleadings, testimony, remarks, questions or arguments which might inform, infer, imply or bring to the attention of the jury, any of the matters set forth below, unless and until it has been demonstrated to the Court, outside the presence and hearing of the jury, that such matters are admissible, for the reason that the matters set forth below are of such a prejudicial nature that, were any of the same brought to the attention of the jury, even though the Court were to sustain an objection and instruct the jury not to consider such matters for any purpose, the bringing of the same to the attention of the jury would have inevitably and irrevocably prejudice the jury against the Plaintiff. These Motions should be granted because there is no other way the problems mentioned can be properly handled at the trial of this cause if such inadmissible matters are raised. Even if some theory of admissibility can be postulated by the Defendant, the subjects made the basis of these Motions are of such a nature that their probative value is substantially outweighed by the danger of unfair prejudice,

1

confusion of the issues, or misleading the jury, which further supports sustaining this Motion. FED. R. EVID. 403.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Court to instruct the Defendant and all his counsel not to mention, refer to, interrogate concerning, nor attempt to convey to the jury in any manner, either directly or indirectly, any of the matters mentioned above, without first obtaining permission of the Court outside the presence and hearing of the jury, and further instruct the Defendant and all its counsel to warn and caution each and every one of the witnesses to strictly follow the same instructions.

Respectfully submitted,

/s/ David L. Rumley

David L. Rumley
Attorney-in-Charge
State Bar No. 00791581
Federal I.D. No. 18120

Douglas P. Peterson
State Bar No. 00797240
Federal I.D. No. 22399

**WIGINGTON RUMLEY, L.L.P.**
800 North Shoreline
14th Floor ♦ South Tower
Corpus Christi, TX 78401
Telephone:   (361) 885-7500
Facsimile:    (361) 885-0487
Federal I.D. No. 18120

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned attorney, as attorney-in-charge of record for the Plaintiff, certifies that a true and correct copy of the foregoing instrument will be forwarded to all counsel of record and parties listed below electronically by the court, as such instrument was electronically filed with this court on June 30, 2006.

George B. Ward
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
*Attorney for Defendants*

/s/ David L. Rumley
_____
David L. Rumley

## INDEX TO MOTIONS IN LIMINE

| No. | Issue Presented by Motion in Limine | Court's Ruling (circled) | |
| --- | --- | --- | --- |
| 1 | Criminal Convictions of Plaintiff | GRANTED | DENIED |
| 2 | Reference to Plaintiff's Medical Condition of "Paranoid Schizophrenia" | GRANTED | DENIED |
| 3 | Filing/Rulings on Motions in Limine | GRANTED | DENIED |
| 4 | Speaking Objections by Counsel | GRANTED | DENIED |
| 5 | Witnesses | GRANTED | DENIED |
| 6 | Photographs, Models and Videos | GRANTED | DENIED |
| 7 | Absent Witnesses | GRANTED | DENIED |
| 8 | "Burdensome" Nature of Discovery | GRANTED | DENIED |
| 9 | Undisclosed Witnesses | GRANTED | DENIED |
| 10 | Other Claims | GRANTED | DENIED |
| 11. | Expert Opinions Not Supported by Admissible Facts | GRANTED | DENIED |

## MOTION IN LIMINE NO. 1

### Criminal Convictions of Plaintiff

Defendant should be precluded from making any reference to, comment, argument or inquiry of any witness regarding the nature of the criminal conviction for which Plaintiff Benny Sarmiento is, or has been in the past, incarcerated. The nature of Mr. Sarmiento's conviction(s) has no relevance to this lawsuit, or any relevance it may have is such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 402, 403.

GRANTED/DENIED

_____
JUDGE PRESIDING

## MOTION IN LIMINE NO. 2

<u>Reference to Plaintiff's Medical Condition of "Paranoid Schizophrenia"</u>

Defendant should be precluded from making any reference to, comment, argument or inquiry of any witness, or introducing trial exhibits referring to, Plaintiff Benny Sarmiento having a medical condition of paranoid schizophrenia. Any such condition has no relevance to this lawsuit, or any relevance it may have is such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 402, 403.

GRANTED/DENIED

_____
JUDGE PRESIDING

## MOTION IN LIMINE NO. 3

### Filing/Rulings on Motions in Limine

Any information regarding these Motions in Limine having been filed or any ruling by the Court in response to these Motions, or suggestions or reference to the Jury that the Plaintiffs have moved to prohibit proof or that the Court has excluded proof of any particular matter, should be precluded.

GRANTED/DENIED

_____
JUDGE PRESIDING

## MOTION IN LIMINE NO. 4

### Speaking Objections by Counsel

Defendant should be precluded from making any speaking objections. Objections are not to be made in such a manner as to attempt to influence the testimony of a witness or effect the understanding of a jury. Such objections are clearly prejudicial and prohibited.

GRANTED/DENIED

_____
JUDGE PRESIDING

MOTION IN LIMINE NO. 5

<u>Witnesses</u>

Defendants should be precluded from mentioning that Plaintiff has not called to testify any witness equally available to both parties in this cause. In this connection, Plaintiff moves that Defendant's counsel further be instructed not to tender, read from, or refer to any ex parte statement or report of any person not then and there present in court to testify and to be cross-examined by counsel for Plaintiffs, and the Defendant's counsel be instructed not to suggest to the jury by argument or otherwise what would have been the testimony of any witness not actually called.

GRANTED/DENIED

_____<br>
JUDGE PRESIDING

## MOTION IN LIMINE NO. 6

### Photographs, Models and Videos

Should the Defendant wish to introduce any model or photographs or motion picture film into evidence, the same should be tendered to the Court and opposing counsel, outside the presence of the jury and shown or exhibited to determine its relevance or suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence by the Defendant.

GRANTED/DENIED

_____
JUDGE PRESIDING

## MOTION IN LIMINE NO. 7

### Absent Witnesses

The Defendant should be precluded from mentioning or stating to the jury the probable testimony of a witness who is absent, unavailable or not called to testify in this cause of action.

GRANTED/DENIED

_____
JUDGE PRESIDING

MOTION IN LIMINE NO. 8

Burdensome Nature of Discovery

Defendant should be precluded from making any arguments, statements, claims or innuendos in the presence of the jury to the effect that discovery in this case has been burdensome, expensive or has created any type of undue burden or imposition upon the Defendant, or from stating or implying that discovery has been excessive, or that Defendant has been kind, generous, forthcoming or of good character in complying with the Court's discovery orders. Any such reference has no relevance to this lawsuit, or any relevance it may have is such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 402, 403.

GRANTED/DENIED

_____
JUDGE PRESIDING

## MOTION IN LIMINE NO. 9

### Undisclosed Statements

Defendant should be precluded from attempting to call any witness whose name and address was not included on the witness list required by the Scheduling Order and disclosed to Plaintiff's counsel, and as required by the Federal Rules of Civil Procedure in response to discovery or requests for disclosure.

GRANTED/DENIED

_____
JUDGE PRESIDING

## MOTION IN LIMINE NO. 10

### Other Claims

Defendant should be precluded from making any reference to any other civil rights claim(s) Plaintiff Benny Sarmiento may have made at any time. Any such claim(s) have no relevance to this lawsuit, or any relevance it/they may have is such that the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 402, 403.

GRANTED/DENIED

_____
JUDGE PRESIDING

MOTION IN LIMINE NO. 11

Expert Opinions Not Supported by Admissible Facts

Defendant should be precluded from introducing any expert opinions not supported by admissible facts. Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1331 (5th Cir. 1996); Tyger Constr. Co. v. Pensacola Constr. Co., 29 F.3d 137, 142 (4th Cir. 1994).

GRANTED/DENIED

_____
JUDGE PRESIDING