IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BENNY SARMIENTO | § | |
| | § | |
| v. | § | C.A. NO. C-05-008 |
| | § | |
| ROBERT ARMOUR, ET AL. | § | |

## ORDER

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motions in limine. (D.E. 83). Specifically, plaintiff seeks a ruling on eleven different matters in advance of trial.

**1.   Criminal Convictions Of Plaintiff.**

Plaintiff argues that:

> Defendant should be precluded from making any reference to, comment, argument or inquiry of any witness regarding the nature of the criminal conviction for which Plaintiff Benny Sarmiento is, or has been in the past, incarcerated. The nature of Mr. Sarmiento's conviction(s) has no relevance to this lawsuit, or any relevance it may have is such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 402, 403.

(D.E. 83, at 5). Defendant does not oppose this motion in limine. (D.E. 85, at 1).

Accordingly, plaintiff's motion in limine is GRANTED.

**2.   Reference To Plaintiff's Medical Condition Of Paranoid Schizophrenia.**

Plaintiff argues that:

> Defendant should be precluded from making any reference to, comment, argument or inquiry of any witness, or introducing trial exhibits referring to, Plaintiff Benny Sarmiento having a medical condition of paranoid schizophrenia. Any such condition has no relevance to this lawsuit, or any relevance it may have is such that its

        probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 402, 403.

(D.E. 83, at 6). Defendant does not oppose this motion in limine. (D.E. 85, at 1).

        Accordingly, plaintiff's motion in limine is GRANTED.

**3.**     **Filing And Rulings On Motions In Limine.**

        Plaintiff argues that "[a]ny information regarding these Motions in Limine having been filed or any ruling by the Court in response to these Motions, or suggestions or reference to the Jury that the Plaintiffs have moved to prohibit proof or that the Court has excluded proof of any particular matter, should be precluded." (D.E. 83, at 7). Defendant does not oppose this motion in limine. (D.E. 85, at 1).

        Accordingly, plaintiff's motion in limine is GRANTED.

**4.**     **Speaking Objections By Counsel.**

        Plaintiff argues that "[d]efendant should be precluded from making any speaking objections. Objections are not to be made in such a manner as to attempt to influence the testimony of a witness or effect the understanding of a jury. Such objections are clearly prejudicial and prohibited." (D.E. 83, at 8). Defendant does not oppose this motion in limine. (D.E. 85, at 1).

        Accordingly, plaintiff's motion in limine is GRANTED. Neither counsel will be permitted to say more than a one word explanation in conjunction with an objection. For example, after raising an objection, counsel might state "hearsay," "leading," "irrelevant," etc. in order to establish the nature of the objection. If further elaboration is needed, counsel may request to approach the bench.

**5.     Witnesses.**

Plaintiff argues that:

> Defendants should be precluded from mentioning that Plaintiff has not called to testify any witness equally available to both parties in this cause. In this connection, Plaintiff moves that Defendant's counsel further be instructed not to tender, read from, or refer to any ex parte statement or report of any person not then and there present in court to testify and to be cross-examined by counsel for Plaintiffs, and the Defendant's counsel be instructed not to suggest to the jury by argument or otherwise what would have been the testimony of any witness not actually called.

(D.E. 83, at 9). "Defendant opposes Motion in Limine number 5 to the extent that it seeks to prevent qualified witnesses from referencing or discussing the information contained in, and the conclusion of investigations, reports, and medical evaluations." (D.E. 85, at 1).

As a general matter, hearsay statements are not admissible, however, there are several exceptions to that rule which require the Court to look at each individual statement on a case-by-case basis. For example, statements for purposes of medical diagnosis and treatment may be exceptions to the hearsay rule. Fed. R. Evid. 803(4). Similarly, business records may also be excepted from the hearsay rule. Fed. R. Evid. 803(6).

The information contained in medical records is evaluated pursuant to Rule 803(4). To be admissible pursuant to this rule, a statement in a medical record must be "of the type pertinent to a physician in providing treatment." Wilson v. Zapata Offshore, 939 F.2d 260, 272 (5th Cir. 1991) (citing Cook v. Hoppin, 783 F.2d 684, 390 (7th Cir. 1986)). "Courts have construed Rule 803(4) to include statements made for psychiatric diagnosis." Id. (citation omitted).

Regarding Rule 803(6), the Fifth Circuit determined that the rule "provides a hearsay exception for records kept in *any* regularly conducted business activity, which would include

hospitals.... The admissibility of hospital records under this exception is supported by the presumption of reliability that attaches to statements relating to treatment and medical history in such records." Id. at 271 (citations omitted) (italics in original). The Fifth Circuit further provided that Rule 803(6) "does not require testimony that the record is accurate. As this Court has previously held, 'Any person in a position to attest to the authenticity of certain records is competent to lay the foundation for the admissibility of the records; he need not have been the preparer of the record, *nor must he personally attest to the accuracy of the information* contained in the records.'" Id. at 272 (citation omitted) (italics in original); see also United States v. Duncan, 919 F.2d 981, 986 (5th Cir. 1991).

This issue may be addressed at the final pre-trial conference. However, the document and its evidentiary purpose in the context of the trial itself may be necessary to properly rule on this objection. Accordingly, plaintiff's motion in limine is DENIED without prejudice.

**6.    Photographs, Models, And Videos.**

Plaintiff argues that:

> Should the Defendant wish to introduce any model or photographs or motion picture film into evidence, the same should be tendered to the Court and opposing counsel, outside the presence of the jury and shown or exhibited to determine its relevance or suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence by the Defendant.

(D.E. 83, at 10). Defendant does not oppose this motion in limine. (D.E. 85, at 1).

Accordingly, plaintiff's motion in limine is GRANTED. Neither party will be permitted to introduce photographs, models, or videos in this manner.

**7.     Absent Witnesses.**

Plaintiff argues that "[t]he Defendant should be precluded from mentioning or stating to the jury the probable testimony of a witness who is absent, unavailable or not called to testify in this cause of action." (D.E. 83, at 11). Defendant does not oppose this motion in limine. (D.E. 85, at 1).

Accordingly, plaintiff's motion in limine is GRANTED. Neither party will be permitted to address the probable testimony of an absent witness.

**8.     Burdensome Nature Of Discovery.**

Plaintiff argues that:

> Defendant should be precluded from making any arguments, statements, claims or innuendos in the presence of the jury to the effect that discovery in this case has been burdensome, expensive or has created any type of undue burden or imposition upon the Defendant, or from stating or implying that discovery has been excessive, or that Defendant has been kind, generous, forthcoming or of good character in complying with the Court's discovery orders. Any such reference has no relevance to this lawsuit, or any relevance it may have is such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 402, 403.

(D.E. 83, at 12). Defendant does not oppose this motion in limine. (D.E. 85, at 1).

Accordingly, plaintiff's motion in limine is GRANTED. Neither party will be permitted to address the burdensome nature of discovery.

**9.     Undisclosed Witnesses.**

Plaintiff argues that:

> Defendant should be precluded from attempting to call any witness whose name and address was not included on the witness list required by the Scheduling Order and disclosed to Plaintiff's counsel, and as required by the Federal Rules of Civil Procedure in response to discovery or requests for disclosure.

5

(D.E. 83, at 13).  Defendant does not oppose this motion in limine.  (D.E. 85, at 1).

Accordingly, plaintiff's motion in limine is GRANTED.  Neither party will be permitted to call any undisclosed witnesses.

**10.     Other Civil Rights Claims.**

Plaintiff argues that:

> Defendant should be precluded from making any reference to any other civil rights claim(s) Plaintiff Benny Sarmiento may have made at any time.  Any such claim(s) have no relevance to this lawsuit, or any relevance it/they may have is such that the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  FED. R. EVID. 402, 403.

(D.E. 83, at 14).  Defendant does not oppose this motion in limine.  (D.E. 85, at 1).

Accordingly, plaintiff's motion in limine is GRANTED.

**11.     Expert Opinions Not Supported By Admissible Evidence.**

Plaintiff argues that "[d]efendant should be precluded from introducing any expert opinions not supported by admissible facts."  (D.E. 83, at 15) (citing Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1331 (5th Cir. 1996); Tyger Constr. Co. v. Pensacola Constr. Co., 29 F.3d 137, 142 (4th Cir. 1994)).  Defendant does not oppose this motion in limine.  (D.E. 85, at 1).

The Federal Rules of Evidence govern the testimony of experts.  They specifically address the bases for expert's opinion and testimony provided pursuant to those opinions:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing.  If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, <u>the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted</u>.  Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's

opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703 (emphasis added); see also Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592 (1993) ("an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation").

Defendant's reliance on Guillory is misplaced. In Guillory, the Fifth Circuit upheld the district court's exclusion of "expert testimony, which was not based upon the facts in the record but on altered facts and speculation designed to bolster Deere's position." 95 F.3d at 1331. It further explained that:

> Certainly nothing in Rule 703 requires a court to admit an opinion based on facts that are indisputably wrong. Even if Rule 703 will not require the exclusion of such an unfounded opinion, general principles of relevance will. In other words, an opinion based totally on incorrect facts will not speak to the case at hand and hence will be irrelevant.

Id. (quoting Christophersen v. Allied-Signal Corp., 939 F.2d 1106, 1114 (5th Cir. 1991)). There is nothing before the Court to indicate that defendant's expert witness is relying on evidence addressed in Guillory.

Defendant has designated Dr. Dan Kelley, M.D. as an expert in this case. (D.E. 80). Dr. Kelley will testify about the medical treatment that plaintiff received. Of course, it is uncertain whether Dr. Kelley will be qualified to testify as an expert in this case. See generally Daubert, 509 U.S. 579; Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). Nothing in the record addresses Dr. Kelley's qualifications to testify about the proposed areas of expert testimony.

For example, it is unclear whether defendant has complied with discovery disclosure rules for expert witnesses. See Fed. R. Civ. P. 26(a)(2). Rule 26 requires that:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed

>to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.

Fed. R. Civ. P. 26(a)(2)(B). This rule raises two issues regarding any expert testimony by Dr. Kelley. First, some courts have determined that the phrase "specially employed" requires that a report be provided in cases where an employee is used to testify as an expert. See, e.g., Prieto v. Malgor, 361 F.3d 1313, 1317-19 (11th Cir. 2004); McCulloch v. Hartford Life & Accident Ins. Co., 223 F.R.D. 26, 28 (D. Conn. 2004); KW Plastics v. United States Can Co., 199 F.R.D. 687, 689-90 (M.D. Ala. 2000); Minnesota Mining & Mfg. v. Signtech USA, Ltd., 177 F.R.D. 459, 460-61 (D. Minn. 1998); but see Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co., 199 F.R.D. 320, 324-25 (D. Minn. 2000); Navajo Nation v. Norris, 189 F.R.D. 610, 612-13 (E.D. Wash. 1999). Second, there needs to be a discussion concerning what it means for an employee to be regularly involved in providing expert testimony. Such matters need to be addressed prior to determining whether Dr. Kelley is qualified to testify as an expert witness in this case.

These matters will be addressed at the final pre-trial conference. Accordingly, plaintiff's motion in limine is DENIED without prejudice.

ORDERED this 8th day of August 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE